The judgment of the trial court is affirmed.

**JU–NEL HOMES, INC., Appellant,**

v.

**WHITE ROCK BANK OF DALLAS, Formerly White Rock National Bank, Appellee.**

No. 20980.

Court of Appeals of Texas, Dallas.

April 7, 1982.

Rehearing Denied May 6, 1982.

William Woodburn, Woodburn & Sullivan, Dallas, for appellant.

Peter J. Harry, Geary, Stahl & Spencer, Dallas, for appellee.

Before CARVER, STOREY and ALLEN, JJ.

CARVER, Justice.

Ju-Nel Homes, Inc., appeals from a summary judgment denying its claim against White Rock Bank for forged checks debited to Ju-Nel's account with the bank. Since Ju-Nel's own failure to examine its monthly statement and debited checks permitted the wrongdoer to continue the forgeries from October 1975 through September 1976, Ju-Nel is precluded from asserting those forgeries accruing after 14 days from Ju-Nel's receipt of its October 1975 statement. Tex. Bus. & Com.Code Ann. § 4.406(b)(2) (Vernon 1968). Consequently, we affirm.

Ju-Nel's original petition (which was never amended) sought recovery on more than 80 forged checks in a total amount of $12,-792.78 debited to its account at White Rock Bank beginning October 8, 1975 through September 28, 1976. Ju-Nel pleaded that it discovered all of the forgeries on October 13, 1976, whereupon it notified the bank and demanded credit to its account for the forgeries. Subsequently, the bank filed its answer, secured answers from Ju-Nel to two separate sets of interrogatories, and then filed its motion for summary judgment. Ju-Nel made no answer or other response to the summary judgment motion. Upon hearing, the trial court entered a partial summary judgment holding that Ju-Nel was precluded from asserting any claim on the forgeries occurring after November 14, 1975 (14 days after receiving the October 1975 statement showing the earliest forgeries). The parties then stipulated that all forgeries earlier than November 14, 1975 were settled and the court entered a final judgment denying Ju-Nel's remaining claims. Ju-Nel concedes that, since it failed to answer the bank's motion, its appeal is limited to an attack on the legal sufficiency of the bank's motion and summary judgment proof. See Fantastic Homes, Inc. v. Coombs, 596 S.W.2d 502 (Tex.1979). Consequently, Ju-Nel urges that the bank's summary judgment proof is insufficient to show, as a matter of law, that Ju-Nel failed to comply with the duties imposed upon a bank customer by Tex.Bus. & Com.Code Ann. § 4.406(a) (Vernon 1968) so as to preclude its claim against the bank under subparagraph (b)(2) of the same section. We disagree.

Section 4.406, *supra*, provides, in pertinent part:

(a) When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries . . ., the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature . . . and must notify the bank promptly after discovery thereof.

(b) If the bank establishes that the customer failed with respect to an item to comply with the duties imposed on the customer by Sub-section (a) the customer is precluded from asserting against the bank

(1) his unauthorized signature or any alteration on the item if the bank also establishes that it suffered a loss by reason of such failure; and

(2) an unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank after the first item and statement was available to the customer for a reasonable period not exceeding fourteen calendar days and before the bank receives notification from the customer of any such unauthorized signature of alteration.

Ju-Nel's complaint is that the summary judgment record fails to show, as a matter of law, a failure by it, as a customer, to

"exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature and notify the bank promptly." The interrogatories answered by Ju-Nel admit its failure to examine its monthly bank statements *at all,* much less with the "reasonable care and promptness" required by § 4.406(a). Further, the same answers admit Ju-Nel's failure to give the bank any notice *at all,* much less a notice of the forgeries found in each successive statement available to Ju-Nel "for a reasonable period not exceeding fourteen calendar days." Since Ju-Nel's admissions are conclusive as to its failure to perform the duties imposed upon it as a customer by § 4.406, if such admissions are unexplained, and since Ju-Nel filed no answer or other response to the bank's motion for summary judgment raising any explanation, or excuse, for such failure, we conclude that the bank's summary judgment motion was properly granted.

Affirmed.